IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Whatman, Inc., | ) |
| | ) Civil Action No. 8:08-2103-RBH-WMC |
| Plaintiff, | ) |
| | ) **O R D E R** |
| vs. | ) |
| | ) |
| Bradley F. Davin, | ) |
| | ) |
| Defendant. | ) |
| | ) |

The matter is before the court on non-party PerkinElmer Health Sciences, Inc.'s motion to quash subpoena duces tecum (doc. 76) and non-party Ahlstrom Filtration LLC's motion to quash subpoena for testimony (doc. 105). On July 23, 2009, the Honorable R. Bryan Harwell, United States District Judge, referred all pretrial matters pertaining to discovery to this court for disposition.

Plaintiff Whatman is a "leading provider of blood specimen collection devices for neonatal blood screening ... and storage" (complaint at 1). The plaintiff alleges defendant Bradley F. Davin ("Davin") misappropriated and disclosed Whatman's trade secrets related to "903 Cards," which are neonatal blood screening cards approved by the Food and Drug Administration and submitted to public health agencies for public health purposes. Whatman alleged Davin, through his long-time employment with Whatman's sole blood card supplier, Eastern Business Forms, Inc., ("EBF"), obtained access to Whatman's secret and confidential information concerning the blood cards sold by Whatman. The complaint further alleges that Davin took steps to create a competing blood card business in October 2007, left his employment with EBF in February 2008, soon started his own company, defendant ID Biological Systems, LLC ("ID Biological"), and began sharing Whatman's secret, confidential information with Whatman's competitor, Ahlstrom.

The plaintiff alleges causes of action for misappropriation of trade secrets and confidential and proprietary information; unfair competition; unjust enrichment; breach of fiduciary duty - against Davin; conversion; and aiding and abetting breach of fiduciary duty - against ID Biological. The defendants responded with counterclaims alleging conspiracy, bad faith, interference with contractual relations, and predatory antitrust violations.

*Non-party PerkinElmer Health Sciences, Inc.'s*
*Motion to Quash Subpoena Duces Tecum*

PerkinElmer, Inc., ("PKI") is a leading provider of technology, services and solutions to the diagnostics, academic research, environmental monitoring and safety and security markets. It designs, manufactures, markets and services components, systems, and products. Prior to 2009, PKI was organized into two reporting segments, Life and Analytical Sciences, and Optoelectronics. For fiscal year 2009, PKI realigned its business to address two strategic areas – Human Health and Environmental Health. PerkinElmer Health Sciences, Inc., is a subsidiary that is relevant to both strategic areas; however, the business at which the subpoena is directed (neonatal screening cards) is part of the Human Health area – more specifically, the Genetic Screening business group. Genetic Screening, as a business group, involves various subsidiary companies, including but not limited to PerkinElmer Health Sciences, Inc. For purposes of this motion, the entire organization is referred to as PKI.

On April 27, 2009, PKI issued a press release announcing that PKI and ID Biological had entered an agreement whereby PKI would act as the exclusive, worldwide distributor for ID Biological's blood cards. On May 27, 2009, Whatman signed a subpoena duces tecum issued by this court and directed to PKI. The discovery sought by Whatman, as narrowed during the discussions between PKI and Whatman, falls into four essential categories:

(1) PKI's communications with defendants and/or Ahlstrom regarding neonatal cards, and the marketing of these

2

cards under the ID Biological/PKI exclusive distribution agreement (the "Distribution Agreement");

(2) all documents regarding the Distribution Agreement;

(3) any documents received from defendants; and

(4) all documents regarding EBF.

PKI argues that subpoena compliance would cause it undue burden and expense and that Whatman could seek the same discovery from the named defendants. PKI notes that if "Whatman is concerned Defendants shared Whatman's proprietary information beyond Ahlstrom, PKI can think of no reason why Whatman cannot engage in additional discovery of Defendants, including a supplemental examination of Defendants' computers whether by consent or motion" (m. to quash at 10). PKI contends that this would be faster and cheaper than imposing a new, larger search on a nonparty. PKI further argues that if the computer re-examination uncovers the possibility of proprietary documents having been provided to PKI, Whatman could then direct a subpoena to PKI that contains specific sources who may have received the documents and/or specific areas or types of documents to be produced. Whatman argues that it has requested all the same documents requested of PKI from the defendants, but the defendants have still not disclosed any such documents. Also, Whatman argues that many of the documents it seeks are likely to reside exclusively with PKI. Lastly, Whatman argues that PKI has not met its burden of showing that compliance with the subpoena, as now limited, would cause it undue burden or cost.

After review of the briefs and exhibits submitted by PKI and Whatman, this court finds that compliance with the subpoena is unduly burdensome on PKI, and the discovery sought can be obtained from more reasonable discovery methods, namely pursuit of full responses by the defendants to interrogatories and requests for production along with additional or supplemental examination of the defendants' electronically stored documents. Based upon the foregoing, PKI's motion to quash (doc. 76) is granted at this time.

3

***Non-party Ahlstrom Filtration LLC's
Motion to Quash Subpoena for Testimony***

As discussed above, non-party Ahlstrom Filtration LLC is plaintiff Whatman's competitor. Whatman alleges that the defendants Davin and ID Biological surreptitiously entered into a supply contract with Ahlstrom in July 2007, while Davin was still working for EBF and was still Whatman's agent. Whatman contends that the defendants gave Ahlstrom confidential Whatman and EBF electronic files. They contend Ahlstrom then modified those files and returned them to the defendants for use in their competition with Whatman and EBF.

Whatman served Ahlstrom with a subpoena for a Rule 30(b)(6) deposition, which was scheduled for October 8, 2009. On October 5, 2009, Ahlstrom filed a motion to quash the subpoena. Whatman filed opposition to the motion on October 23, 2009.

In its motion, Ahlstrom outlines its concerns with the subpoena's designated subjects that it contends are not set out "with reasonable particularity" (m. to quash at 2-4). Whatman has responded by revising all but three of the subjects and instructions at issue in the motion (resp. m. to quash at 20-24). This court finds that Ahlstrom has adequately addressed Ahlstrom's concerns and that the three unrevised subjects are set out with reasonable particularity. Accordingly, Ahlstrom's motion to quash (doc. 105) is denied.

## **CONCLUSION**

Now, therefore, based on the foregoing,

IT IS ORDERED that PKI's motion to quash (doc. 76) is granted at this time.

IT IS FURTHER ORDERED that Ahlstrom's motion to quash (doc. 105) is denied.

IT IS SO ORDERED.

November 3, 2009　　　　　　　　　　　　s/William M. Catoe
Greenville, South Carolina　　　　　　　　United States Magistrate Judge

4