IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Whatman, Inc., ) | Case No. 8:08-2103-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **O R D E R** |
| Bradley F. Davin and ID ) | |
| Biological Systems, LLC, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Before the Court is Defendants' Motion to Amend its Answer and Counterclaims and Motion to Join Eastern Business Forms, Inc. (EBF) as a Party (Docket Entry Number 103), filed on September 21, 2009. Defendants move to amend their antitrust counterclaims in order to address alleged pleading deficiencies which are the subject of a Motion to Dismiss filed by the plaintiff, Docket Entry Number 71, also pending before this Court. Plaintiff filed a Response in Opposition to the motion and EBF made a special appearance to oppose the motion. The Motion to Amend and to Add Party was referred to Magistrate Judge William Catoe, who prepared a Report and Recommendation on December 15, 2009 recommending that the motion be granted.[1] Plaintiff filed objections to the Report on January 4, 2010. Defendants submitted a timely response to the objections *in camera* and filed a motion to seal the response. The Magistrate Judge granted the motion to seal, and the sealed response (Docket Entry #225) was filed on March 15, 2010.

---

[1] The Magistrate Judge did not address the plaintiff's request for bifurcation of the trial of the antitrust counterclaims from the other claims in the event that the Motion to Amend and Add a Party is granted.

1

***Scope of Review***. In its objections, Plaintiff contends that the scope of review for this Court's review of the Defendants' objections is that this Court shall not disturb a magistrate judge's ruling on non-dispositive pretrial matters unless the ruling is "clearly erroneous or is contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Therefore, the Court will analyze the objections under this standard.[2] Further, the Court would reach the same result if the *de novo* standard for review of magistrate reports regarding dispositive motions was utilized.

***Motion to Amend and Add a Party***. The defendants moved pursuant to Fed. R. Civ. P. 15(a) ["The court should freely give leave (to amend) when justice so requires."] to amend their antitrust counterclaims to provide additional detail and to add Eastern Business Forms, Inc. as a required party based on EBF's alleged antitrust conspiracy with the plaintiff. Plaintiff points the Court to Fed. R. Civ. P. 16(b) ("A schedule may be modified only for good cause and with the judge's consent."). Plaintiff contends that Defendants have not shown good cause under Fed. R. Civ. P. 16 to amend its counterclaims; that allowing the amendments to the counterclaims would be futile since they still allegedly fail to state a claim; and that, if the amendments are allowed, then the trial should be bifurcated. Plaintiff does not object to the recommendation by the Magistrate Judge that the new party, Eastern Business Forms, Inc. should be added. Additionally, the record reflects that counsel for EBF has already appeared at depositions and that EBF has been a party in a state court action involving some of the parties. Therefore, that portion of the Report is adopted without objection, as no clear error is shown.

---

[2] There is some disagreement in the cases as to whether a ruling by a Magistrate Judge on a Motion to Amend is dispositive and would thus be governed by the *de novo* review standard under 28 U.S.C. Section 636(b)(1)(B). Some courts have held that the **denial** of a motion to amend is dispositive and that the **grant** of a such a motion is non-dispositive. *See* authorities collected in *Everett v. Cherry*, 2009 WL 4307449 (E.D. Va. 2009), note 4.

Prior to the issuance of the opinion in *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295 (4th Cir. 2008), it was unclear in this circuit whether a motion to amend filed after the deadline in a scheduling order for the amendment of pleadings should be analyzed under Rule 15(a) regarding amendment of pleadings or Rule 16(b) regarding modification of a scheduling order for good cause. In *Nourison*, the Fourth Circuit held that, after the deadlines set forth in a scheduling order have passed, the good cause standard of Rule 16 must be satisfied instead of the "when justice requires" requirement of Rule 15.

A scheduling order is not set in stone, "but may be relaxed for good cause, extraordinary circumstances, or in the interest of justice." *Barwick v. Celotex Corp.*, 736 F.2d 946, 954 (4th Cir. 1984). The "good cause" requirement of Rule 16(b) is unlike the more lenient standard of Rule 15(a) in that Rule 16(b) "does not focus on the bad faith of the movant, or the prejudice to the opposing party," but focuses on the diligence of the party seeking amendment. *Dilmar Oil Co., Inc. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D.S.C. 1997). "Good cause" means that scheduling deadlines cannot be met despite a party's diligent efforts. *Id.* (citing 6A Wright, Miller & Kane, Federal Practice and Procedure §1522.1 at 231 (2d ed. 1990)); *see also* Advisory Committee's note to 1983 amendments to Rule 16. The Fourth Circuit has noted that a finding of "good cause" was justified under Rule16(b) where *some* of the evidence needed by the Plaintiff to prove his or her claim did not surface until after the amendment deadline. *In re Lone Star Indus., Inc. Concrete R.R. Cross Ties Litigation*, 19 F.3d 1429, 1994 WL 118475, at *11 (4th Cir. April 7, 1994) (unpublished). However, "[g]ood cause is not shown when the amendment could have been timely made." . *Interstate Narrow Fabrics, Inc. v. Century USA, Inc.*, 218 F.R.D. 455, 460 (M.D.N.C. 2003).

As noted above, the good cause standard focuses on the diligence of the party seeking leave to amend. Here, the Consent Amended Scheduling Order filed on February 2, 2009 set a deadline of May

3

1, 2009 for motions to amend the pleadings; discovery was to be completed by November 30, 2009; and trial was to take place on or after February 8, 2010. The defendants' motion to amend was filed on September 21, 2009, four months after the deadline[3], by new counsel who were substituted in late July of 2009.

The Court finds that the defendants have shown good cause under Rule 16 for the Court to allow the amendment past the scheduling order deadline for filing motions to amend. Defendants point out that Defendant IDB was not made a party to the lawsuit until May 13, 2009, after the deadline to amend pleadings had already passed. Additionally, "Whatman filed its lawsuit against Mr. Davin only a month after IDB opened its doors. Therefore, the anticompetitive acts alleged almost all occurred subsequent to the filing of this lawsuit." (Reply Memo, p. 5, Docket Entry # 133). Defendants detail further allegedly anticompetitive information that was not discovered until after the deadline to amend the pleadings. Finally, the parties appear to agree that some of the information was gleaned from the plaintiff's discovery responses which were served in March of 2009 and that these responses were voluminous. Therefore, it appears that the motion to amend was timely, especially considering the fact that the defendants' new counsel had to take time to familiarize themselves with the case.

Plaintiff also asserts that the motion to amend is futile on the basis that the amended counterclaims do not satisfy the pleading standards of *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009). That standard is set forth in *Iqbal* as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.". . . The plausibility standard is not akin to a "probability requirement," but it asks for more than

---

[3] Plaintiff states in its objections that the motion to amend was filed on October 22, over five months after the May 1 deadline set forth in the scheduling order. However, the docket reflects that the motion was filed on September 22, four months after the deadline.

4

a shear possibility that a defendant has acted unlawfully.

*Iqbal*, 129 S.Ct. at 1949.

In its objections, the plaintiff asserts that the Magistrate's Report erroneously found that (1) the proposed amended antitrust counterclaims contain sufficient allegations of monopoly power based on high barriers to entry; and (2) that there is "legally cognizable injury to competition arising from the Whatman-EBF exclusive printing agreement." (Objections, p. 13). Defendants, on the other hand, indicate in their response to the objections that their evidence "far exceeds the threshold for antitrust pleadings required under *Twombly* and *Iqbal*. (Response to Objections, p. 9). They then go on to demonstrate to the satisfaction of this Court that the allegations of the amended counterclaims set forth plausible claims for actionable monopoly power; monopolization or attempted monopolization through misrepresentation to customers; and monopolization, attempted monopolization, or conspiracy to monopolize through exclusive dealing. More particularly, Defendants have sufficiently alleged monopoly power based on barriers to entry, and Defendants indicate that they are not attempting to prove monopoly power solely based on market share. The Court further agrees with the Magistrate Judge that the exclusive dealing agreement by Whatman with EBF "plausibly suggests a significant barrier to entry in the market. Moreover, the defendants do not allege the agreement, by itself, is anticompetitive, but rather that it is part of a pattern of anticompetitive acts of Whatman (and EBF)." (Report, p. 7).

Therefore, the Court finds that Defendants have shown good cause to amend their pleadings after the deadline contained in the scheduling order; that the amendments would not be futile; and that the motion to amend and add party should be granted.

The Court will next discuss scheduling matters regarding the case. On October 30, 2009,

5

Magistrate Judge Catoe granted the motion by the plaintiff, without opposition by the defendants, to stay discovery as to the antitrust counterclaims. Therefore, discovery as to these counterclaims has not been completed. Plaintiff requests that the trial proceed on the other claims and counterclaims between the parties without waiting for discovery to be completed on the antitrust counterclaims. Plaintiff estimates that the trial will take twelve days without the antitrust claims. Defendants indicate the trial will take twelve days, "with or without the pending counterclaims." (Docket Entry #217). Defendants indicate that they need about three months to complete discovery and that there is sufficient time before the Court's next term in June to be ready for trial on the entire case.

After consideration of the arguments of the parties, the Court sets the following schedule for the case. The parties shall complete discovery on the antitrust counterclaims, as amended, by **August 1, 2010**. Any additional dispositive motions shall be filed by **August 15, 2010.** The case shall be ready for trial by **November 1, 2010.** Additionally, because of these new counterclaims, the Court deems it prudent to require additional mediation by the parties by **September 15, 2010.**

Plaintiff has argued that, if the motion to amend the antitrust counterclaims is granted, then Plaintiff requests bifurcation of those counterclaims, and Defendants oppose bifurcation. With regard to bifurcation of the antitrust counterclaims, while the lawyers have sent various letters to the Court regarding their positions on that issue, no formal motion has been made. Upon completion of the new discovery period, Plaintiff should file (if it desires) a formal motion to bifurcate those claims by **September 1, 2010.**

The Court adopts as modified the Magistrate's Report and Recommendation. The defendants' motion to amend and add a party, Docket # 103, is accordingly granted. Defendants shall file their amended answer and counterclaims within five (5) days. Eastern Business Forms, Inc. is joined as a

6

party. The plaintiff's motion to dismiss, Docket Entry No. 71, is accordingly denied as moot.

**AND IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, S.C.
March 29, 2010